IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE McGHEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 19-cv-677-DGW[1] |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM and ORDER**

**WILKERSON, Magistrate Judge:**

Before the Court is Defendant's Motion to Dismiss. (Doc. 17). Plaintiff filed a response at Doc. 19. Because both the motion and response relied on matters outside the pleadings, the Court notified the parties that it intends to treat the motion as a motion for summary judgment and gave them until February 24, 2020, in which to submit any additional evidence upon which they rely to support their positions. See, Doc. 20. Neither party has filed any additional evidence.

Plaintiff applied for social security disability benefits pursuant to 42 U.S.C. § 423. After entry of a final order denying his application, he filed suit in federal court seeking judicial review pursuant to 42 U.S.C. § 405(g). Defendant argues that this action must be dismissed because plaintiff filed suit one day late.

## **Procedural History**

A declaration of an agency employee attached to the motion sets out the relevant procedural history.

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 15.

1

An ALJ denied plaintiff's application for benefits in November 2017, and plaintiff requested review by the Appeals Council. Review was denied in a letter dated April 16, 2019. Doc. 17, Ex. 1, p. 3. A copy of the Appeals Council letter is located at Ex. 1, pp. 25-27. The letter was addressed to plaintiff and informed him that he had sixty days in which to file a civil action, and that the sixty-day period started the day after he received the April 16, 2019, letter. Furthermore, it stated that the agency would assume that plaintiff "received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." Ex. 1, p. 26. The letter also informed plaintiff that he could ask the Appeals Council for more time to file suit. Ex. 1, p. 26. The employee's Declaration states that she is not aware of any request for extension filed by plaintiff. Ex. 1, p. 3.

A copy of the Appeals Council letter was directed to Casey Vanwinkle [sic] at a P.O. box in Carbondale, Illinois. Ex. 1, p. 27. Casey Van Winkle is an attorney at the Womick Law Firm, the firm which represents plaintiff here. See, http://womicklawfirm.com/casey-van-winkle/, visited on February 25, 2020.

Plaintiff's complaint was filed on June 21, 2019. (Doc. 1).

## Applicable Law

42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Although § 405(g) refers to "sixty days after the mailing" of the notice of denial, the agency's interpretation is that the sixty-day period begins to run upon

receipt of the notice, and receipt is presumed to be five days after the date on the notice "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

The sixty-day period set by § 405(g) is not jurisdictional. It is, however, "a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

## Analysis

The Appeals Council notice was dated April 16, 2019. Assuming receipt within five days, plaintiff had until Thursday, June 20, 2019, to file a timely complaint.

Plaintiff argues that his complaint, filed on June 21, 2019, was timely because his lawyer received the Appeals Council letter six days after the date thereon. A copy of the letter received by counsel, stamped "received" on April 22, 2019, is attached to Doc. 19 as Ex. 1. This exhibit, undisputed by defendant, establishes that *counsel* received the letter on April 22, 2019. However, the record is silent as to when the letter was received by *plaintiff*.

The Seventh Circuit has not addressed whether the presumption of receipt within five days must be rebutted as to receipt by both plaintiff and his attorney, but other courts have held in the affirmative. See, e.g., *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) ("We conclude that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period."); *Michael T. v. Saul*, No. 19 CV 1519, 2019 WL 3302215, at *3 (N.D. Ill. July 23, 2019). This Court agrees with the reasoning of these cases.

3

The rule that the presumption must be rebutted as to receipt by both plaintiff and his attorney is dictated by the language of the statute and regulation. § 405(g) says that an "individual" may obtain judicial review by filing a complaint "within sixty days after the mailing to *him*. . . ." Similarly, 20 C.F.R. § 422.210(c) provides that suit must be filed within sixty days of the receipt of the Appeals Council notice by "the individual, institution, or agency."[2]

Because the presumption of receipt within five days has not been rebutted as to receipt by plaintiff, the Motion must be granted.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 17) is **GRANTED**. Plaintiff's complaint is untimely and is therefore **DISMISSED with Prejudice**. The Clerk of Court shall enter judgment reflecting the same.

**IT IS SO ORDERED.**

DATE: February 27, 2020.

                                                                              **DONALD G. WILKERSON**
                                                                              **UNITED STATES MAGISTRATE JUDGE**

---

[2] "Institution or agency" here means an institution or agency challenging a determination that it is not a "provider of services" or an Appeals Council decision terminating an agreement between the institution or agency and the Commissioner. 20 C.F.R. § 422.210(a).