UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE McGHEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 3:19-cv-677-GCS[1] |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM and ORDER

**SISON, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motions to Reconsider (Doc. 26, 27) and Motion to Supplement (Doc. 31).[2] In addition to seeking reconsideration of the order granting Defendant's motion to dismiss (Doc. 21), Plaintiff sought an extension of time in which to submit additional evidence. Defendant filed a response consenting to the extension (Doc. 29), and the Court granted the same. Plaintiff filed his additional evidence in the form of his affidavit. (Doc. 31). In Doc. 31, Plaintiff again argues that Defendant's Motion to Dismiss (Doc. 17) should not have been granted.

### PROCEDURAL BACKGROUND

An Administrative Law Judge ("ALJ") denied Plaintiff's claim for disability benefits on November 15, 2017. The Appeals Council notified Plaintiff that it denied review in a letter dated April 16, 2019. (Doc. 17, Exh. 1). Plaintiff filed suit on June 21, 2019. (Doc. 1). Defendant moved to dismiss on the basis that the complaint was not

---

[1] This case was assigned to a magistrate judge for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). (Doc. 15).

[2] Doc. 26 and 27 are identical except that an affidavit was attached to Doc. 27.

timely filed. (Doc. 17). Plaintiff filed a timely response to Defendant's motion to dismiss. (Doc. 19). That response included an affidavit from Plaintiff's attorney stating that his firm received the Appeals Council letter on April 22, 2019 (six days after the five-day notice period provided for in the statute), but the affidavit made no mention of whether or when Plaintiff himself received the letter.

Because the motion and Plaintiff's response referred to material from outside the record, the Court notified the parties that it would consider the motion to dismiss as a motion for summary judgment and directed them to file any additional evidence by February 24, 2020. (Doc. 20). Plaintiff failed to file any additional evidence, and Defendant's motion to dismiss was granted. (Doc. 21).

Plaintiff's counsel represented that his firm did not receive the order setting the deadline to submit additional evidence. (Doc. 26 & 27). Having been granted an extension in which to file additional evidence, Plaintiff filed his own affidavit stating that he has no independent recollection of whether or when he received the Appeals Council letter. (Doc. 31).

## ANALYSIS

The order and judgment dismissing the case have not been vacated, but Plaintiff is apparently proceeding on the assumption that procedurally things are back to square one. That is, Plaintiff does not argue that he meets the Rule 59 Federal Rules of Civil Procedure standard for altering or amending the judgment. Rather, he argues that the affidavits of his attorney and himself establish that his complaint was timely, and therefore, the motion to dismiss should be denied. This Court concludes that Plaintiff loses even if he is relieved of the burden of meeting the requirements for Rule 59 relief.

An unsuccessful applicant for social security disability benefits can seek judicial review of the final administrative decision as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days *after the mailing to him* of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

The Commissioner interprets the sixty-day filing period as follows:

> Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, *the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary*.

20 C.F.R. § 422.210(c) (emphasis added).

The first question presented here is whether the Plaintiff is required to rebut the presumption for both him and his attorney of receiving notice of the decision within the five-day period of the date of the Appeals Council letter. The Seventh Circuit has not addressed the issue, but other circuits have held that regardless of when an attorney receives notice, the key inquiry is when the claimant receives notice, and unless rebutted, it is presumed to be five days after the date on the notice of decision. *See, e.g., Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991)(holding that notice to an attorney "is not a factor in determining the period in which judicial review can be sought."); *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003)(stating that "[n]otice received by either the individual or the

individual's attorney, *whichever occurs first,* triggers the sixty-day limitations period." ) (emphasis added).  Lower courts in this circuit are likewise in accord.  *See, e.g., Michael T. v. Saul*, No. 19-CV-1519, 2019 WL 3302215, at *3 (N.D. Ill. July 23, 2019)(stating "that claimants must rebut the presumption that both claimant and his/her attorney received notice of the decision within the five-day notice period."); *Bowlin v. Astrue*, No. 08-cv-00750-DGW, 2010 WL 5113987 (S.D. Ill. Dec. 9, 2010)(disregarding argument that notice to counsel was defective because required notice that triggered limitations period was when claimant received notice, which is presumed to be five days after the date of the notice).  *See also Pantaleo v. Sebelius*, No. 10-C-50091, 2011 WL 2292962, at *2 (N.D. Ill. June 9, 2011)(rejecting claimant's argument that weekend and federal holiday extended the five-day triggering date for the applicable limitations period).

As reasoned by the Eighth Circuit in *Bess*, this interpretation is most in line with the language of 42 U.S.C. § 405(g), the language of 20 C.F.R. § 422.210(c), and with the Supreme Court's decision in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990).  The Eighth Circuit explained that, in *Irwin*, the Supreme Court held that "the time for filing a Title VII suit . . . runs from the claimant's or the claimant's attorney's receipt of an Equal Employment Opportunity Commission (EEOC) letter, whichever comes first."  *Bess*, 337 F.3d at 990.  The EEOC provision, 42 U.S.C.A. § 2000e-5(f)(1), sets the time for filing suit from the date of receipt of the letter by the "aggrieved party."  Similarly, 20 C.F.R. § 422.210(c) provides that suit must be filed within sixty days of the receipt of the Appeals Council notice by "the individual."  Therefore, the reasoning of *Irwin* is applicable here.

The rule that Plaintiff must rebut the presumption of receipt by both him and his attorney is dictated by the language of the statute and regulation.  Section 405(g) states

that an "individual" may obtain judicial review by filing a complaint "within sixty days after the mailing to him . . . ." Plaintiff does not argue that rebutting the presumption of receipt by both him and his attorney is not required. Rather, Plaintiff argues that he has rebutted the presumption as to both.

Plaintiff notes that the standard here is reasonableness and argues that "[i]t is reasonable to believe that a private individual would not have the ability to produce proof of receipt of a letter at all that was sent through basic mailing." (Doc. 31, p. 3). His assertion is debatable, at best. Common experience suggests that "private individuals" often have systems for keeping track of receipt of important mail like the Appeals Council letter. In any event, the focus of Plaintiff's reasonableness inquiry is misplaced. The issue is whether Plaintiff has made a reasonable showing that he did not receive the letter within five days as required by 20 C.F.R. § 422.210(c), not whether his lack of a record-keeping system is reasonable.

Plaintiff offers no authority for the proposition that his statement that he has no independent recollection of receiving the letter suffices to rebut the presumption created by § 422.210(c). He cites no case from any court holding that it does, and this Court's independent research has not found such a case. On the contrary, courts generally hold that a showing like Plaintiff's, without more, is not enough:

> As for rebutting the presumption, it is fairly well-accepted that affidavits that merely state a date of receipt more than five days after the Appeals Council's notice, or allege non-receipt within the five days, are not sufficient, standing alone, to rebut the presumption . . . . On the other end of the spectrum, courts have found that the presumption has been rebutted where a claimant can show that the Appeals Council's notice had not been mailed until five days after the date on the notice or that the notice had been mailed to an incorrect address.

*McLaughlin v. Astrue*, No. 11-1140, 443 Fed. Appx. 571, 574 (1st Cir. Oct. 27, 2011)(internal citations omitted*). See also Cook v. Commissioner of Social Security*, 480 F.3d 432, 436 (6th Cir. 2007)(finding statement that plaintiff received the letter "sometime in August" not sufficient); *Grant v. Berryhill*, No. 16-2188, 695 Fed. Appx. 592, 594 (1st Cir. Aug. 16, 2017)(finding statement that plaintiff recalled receiving the letter "on or after August 1, 2015" not sufficient).

Based on the authorities cited above, Plaintiff's affidavit here falls short. A statement that Plaintiff does not remember does nothing to rebut the presumption that he received the letter within five days. The attorney's affidavit also does not rebut the presumption because it merely asserts when the notice of decision was received. To hold otherwise would completely nullify the presumption. Lastly, Plaintiff does not argue that he is entitled to equitable tolling.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motions to Reconsider (Doc. 26 & 27) and Motion to Supplement (Doc. 31) are **DENIED.** However, the Court notes that Plaintiff may apply to the agency for an extension of time to file suit under 20 C.F.R. § 404.982. Therefore, the Memorandum and Order dismissing this case (Doc. 21) is amended to provide that the dismissal is without prejudice given that an extension could still be granted. The previously entered Judgment (Doc. 22) is **STRICKEN** and the clerk of court shall enter an amended judgment of dismissal **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: May 13, 2020.

Digitally signed by Judge Sison
Date: 2020.05.13 09:58:09 -05'00'

GILBERT C. SISON
United States Magistrate Judge